IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-10523

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR JARROD JACKSON,
a/k/a Arthur Jarrard Jackson,
a/k/a Arthur J. King,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(94 CR 48 ALL)

_____

( September 5, 1995 )

Before HIGGINBOTHAM, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Arthur Jarrod Jackson appeals his convictions and sentence for possession of narcotics and use and possession of firearms. Because we find that the evidence supports his convictions and sentence, we affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Dallas Police Corporal James Dewees and his partner were patrolling an apartment complex when they saw Jackson quickly ascend a stairwell upon noticing Dewees' squad car. After a bystander told Dewees that Jackson had gone to a fire-damaged apartment, Dewees and his partner proceeded to the apartment.

The apartment door, which was slightly ajar, swung open when Dewees knocked on it. Dewees observed Jackson kneeling on the floor with his hands over a pile of crack cocaine. Dewees also saw a handgun on the floor near Jackson. Jackson fled through a window in the rear of the apartment, but was soon caught and arrested by Dewees' partner. Meanwhile, Dewees apprehended the female suspect who was in the apartment with Jackson, Tina Lewis, observing that Lewis had a .38 caliber handgun in her waistband.

Immediately following Jackson's arrest, the police searched the apartment. In the room in which Jackson had been seated, the police found additional amounts of crack cocaine in the ceiling and a rifle against the back wall. Jackson was indicted and convicted by a jury for possessing with intent to distribute crack cocaine, and aiding and abetting; using or carrying a firearm during and in relation to a drug trafficking offense, and aiding and abetting; and being a convicted felon in possession of a firearm. The district court sentenced Jackson to thirty years imprisonment on the drug conviction and five years on the firearms convictions, noting that this total prison term of thirty-five years was the minimum available to Jackson under the U.S. Sentencing Guidelines.

## II.

Jackson contends that the district court erred in holding that he lacked standing to challenge the search of the apartment. To carry the burden of showing standing to contest a search of another person's residence, a defendant "must show 1) an actual, subjective expectation of privacy with respect to the place being searched or items being seized, and 2) that the expectation is one that society would recognize as reasonable." United States v. Wilson, 36 F.3d 1298, 1302-03 (5th Cir. 1994).

Jackson has not carried this burden. In light of Dewees' testimony that the apartment appeared "burned out" and vacant, we cannot say that the district court erred in rejecting Jackson's claim that he had an expectation of privacy as an invitee of Tina Lewis, who was not a tenant of the apartment. The apartment manager testified that Jackson was not authorized to be in the apartment, and Jackson himself testified that he had never been in the apartment prior to the day of his arrest. Accordingly, we agree with the district court that Jackson lacked standing to challenge the search of the apartment.

## III.

### A.

Jackson contends that the evidence at trial was insufficient to support his drug conviction because his indictment alleged that he possessed "crack cocaine" while the Government's expert witness,

3

James Baker, identified the drug in the evidentiary samples as "cocaine." We disagree.

Because Jackson failed to renew his motion for a judgment of acquittal at the close of evidence, he waived any objection to the motion's denial. See United States v. Shannon, 21 F.3d 77, 83 (5th Cir. 1994), cert. denied, 115 S. Ct. 260 (1994). Hence, we may reverse his conviction for insufficiency of the evidence only if "there has been a `manifest miscarriage of justice.'" Id. (quoting United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992)). Under this standard, Jackson's conviction stands unless "the record is `devoid of evidence pointing to guilt.'" United States v. Singer, 970 F.2d 1414, 1418 (5th Cir. 1992) (quoting United States v. Pruneda-Gonazalez, 953 F.2d 190, 194 (5th Cir. 1992)).

The record here does not lack such evidence. This court has recognized that "the identification of a controlled substance [can] be established by circumstantial evidence, including lay witness testimony, as long as the drug's identity is established beyond a reasonable doubt." United States v. Benbrook, 40 F.3d 88, 94 (5th Cir. 1994). Dewees, Lewis, and other witnesses testified that the substance found in the apartment was crack cocaine, and nothing in Baker's testimony identifying the substance as containing "cocaine" indicated that the substance was not crack cocaine. Thus, the record contains sufficient evidence to support a jury determination that Jackson possessed crack cocaine.

B.

Jackson also contends that Baker's testimony gave rise to a fatal variance between the indictment and the trial evidence. Jackson, however, did not raise fatal variance as an issue in the district court. We do not correct forfeited errors under FED. R. CRIM. P. 52(b) unless the defendant carries his burden of showing plain error that affected his substantial rights. United States v. Olano, 113 S. Ct. 1770, 1776-79 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). No such error occurred in this case. As Baker's testimony was not inconsistent with a jury finding that the substance possessed by Jackson was crack cocaine, there was no variance justifying reversal of his conviction.

IV.

Jackson contends that the evidence was insufficient to support his firearm convictions. As discussed above, Jackson's failure to renew his motion for acquittal precludes reversal of his conviction unless the record is devoid of evidence pointing to guilt. See Shannon, 21 F.3d at 83. Since the evidence supports the jury's verdict, we must affirm Jackson's firearm convictions.

Jackson argues that the Government failed to prove his actual possession of any of the firearms alleged in the indictment. Possession of contraband, however, can be actual or constructive. "In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or

over the premises in which the contraband is located. Constructive possession need not be exclusive, it may be joint with others, and it may be proven with circumstantial evidence." United States v. McKnight, 953 F.2d 898, 901 (5th Cir.), cert. denied, 504 U.S. 989 (1992) (citations omitted). Since Jackson's indictment charged him with violating statutes that criminalize possession of "a firearm," see 18 U.S.C. § 922(g), and use or carriage of "a firearm," see 18 U.S.C. § 924(c)(1), his firearm convictions could have been based on his constructive possession of any of the three firearms alleged in the two firearm counts in his indictment.

Jackson contends that the Government did not prove the presence of the Cobray M-11 9mm pistol alleged in the indictment because Dewees referred to the firearm as a "Tech 9," a weapon not mentioned in the indictment. Jackson, however, failed to make this objection in the district court, and even assuming that a Tech 9 sufficiently differs from a Cobray M-11 to raise questions about Dewees' testimony as to the identity of the pistol on the floor, Dewees also testified that the police found a rifle against the wall of the room in which Jackson and Lewis were sorting drugs and money. Given Lewis' testimony that both she and Jackson possessed guns at the apartment, the jury could have inferred beyond a reasonable doubt that Jackson constructively possessed at least one of the three guns listed in the indictment.

6

V.

Jackson challenges the district court's sentence, contending that the district court erred by attributing to him 120.3 grams of crack cocaine. He argues that his sentence should have been based solely on the 46.5 grams of crack cocaine found on the floor.

This argument is unavailing. The district court may base a defendant's sentence for drug possession on a quantity greater than that proved at trial. United States v. Royal, 972 F.2d 643, 649-50 (5th Cir. 1992). The district court must determine its factual findings at sentencing by a preponderance of the evidence, and this court will not disturb those findings unless they are clearly erroneous. United States v. Mergerson, 4 F.3d 337, 343-45 (5th Cir. 1993), cert. denied, 114 S. Ct. 1310 (1994).

The district court sentenced Jackson under the career-offender guideline at an offense level of 37, which applies to an eligible offender who has committed an offense for which the maximum term is life imprisonment. U.S.S.G. § 4B1.1. Possession with intent to distribute crack cocaine is such an offense, carrying a maximum life term, if the amount of the substance containing crack cocaine exceeds fifty grams. 21 U.S.C. § 841(b)(1)(A)(iii).

Given Dewees' testimony that the crack cocaine in the ceiling was located directly above the place where Jackson and Lewis were seated, along with Lewis' testimony that Jackson was selling drugs for her, the district court could have found by a preponderance of the evidence that Jackson constructively possessed the crack cocaine found in the ceiling. Baker testified that the substance

7

in one bag from the ceiling weighed 11.4 grams and contained 7.9 grams of cocaine, and that the substance in fifty of the seventy-three bags found on the floor weighed 66.2 grams and contained 46.5 grams of cocaine.  His testimony thus indicates that the police found a total of 77.6 grams of substance containing 54.4 grams of crack cocaine, which is sufficient to support Jackson's offense level of 37 under the career-offender guideline.

Jackson does not dispute that he meets the prerequisites to be sentenced as a career offender.  Since his status as a career offender places him in Criminal History Category VI, we cannot say that the district court erred in sentencing him to 360 months imprisonment on the drug charge, the minimum term available for a level-37 offender in Category VI.  See U.S.S.G. § 5A, Sentencing Table.  Since Jackson has shown no reversible error, we need not consider the district court's attribution of any amount of crack more than that necessary to justify his sentence.

AFFIRMED.